# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONALD CRAIG CLEAVER,** | ) |
| | ) |
| Plaintiff, | )     2:15-cv-00079 |
| | ) |
| v. | ) |
| | ) |
| **RONALD PICHE**, *in his official and individual capacity*; **MARK LEWIS**, *in his official and individual capacity*; **MUNICIPALITY OF NEW CASTLE**; **NORMAN BARILLA, ESQ.**, *in his official and individual capacity*; **WILLIAM JOHN FLANNERY**, **ESQ.**, *in his official and individual capacity*; **MICHAEL FUGE**; **NICOLE ROBERTSON**; and **VICTORIA PAPPAS-PAPPAKOSTAS**, | ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is a MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM (ECF No. 25) filed by Defendant William John Flannery with a brief in support (ECF No. 26).[1] Pro Se Plaintiff Donald Craig Cleaver has filed an AMENDED COUNTER-CLAIM AND OBJECTION TO DEFENDANT WILLIAM FLANNERY'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (ECF No. 28) with a brief in support (ECF No. 29). Accordingly, the motion is ripe for disposition.

### I. Background

This background is drawn from the Amended Complaint, and the factual allegations therein are accepted as true for the purpose of this Memorandum Opinion. As the law requires, all disputed facts and inferences are resolved in favor of Plaintiff, the non-moving party.

---

1. The Court will discuss and rule upon the pending motion for default in a separate Memorandum Order. In addition, Plaintiff's motion for miscellaneous relief still appears as pending, despite the Court's September 24, 2015 Order regarding same. The Court will, therefore, terminate that motion.

This case arises out of an incident on January 20, 2013 between Plaintiff and Defendants Michael Fuge, Victoria Pappas-Pappakostas and Nicole Robertson (the "Robertson Defendants"). At that time, the Robertson Defendants allegedly lured Plaintiff to a residence, assaulted him repeatedly with a baseball bat and two liquor bottles, and stole $400 from him.[2] The following day, Defendant Ronald Piche, a police officer with the New Castle Police Department, arrested Plaintiff.

Plaintiff was ultimately charged in the Court of Common Pleas of Lawrence County, Pennsylvania with Criminal Attempt to Commit Homicide, Aggravated Assault – Causes Serious Bodily Injury, Aggravated Assault – Causes Bodily Injury With A Deadly Weapon, Simple Assault, and Recklessly Endangering Another Person, among other crimes which were later dismissed or withdrawn. Defendant William John Flannery, Esquire, an Assistant District Attorney in Lawrence County, Pennsylvania, prosecuted Plaintiff. Following a jury trial, Plaintiff was acquitted on all charges. This suit followed.

Relevant here, in his Amended Complaint, Plaintiff sets forth the following factual allegations that pertain to Flannery:

> Assistant District Attorney William John Flannery violated the Plaintiff's Constitution[al] rights by taking the Plaintiff to trial even though the "victims" in the criminal case all admitted previous to trial that they robbed and stole money from the Plaintiff which they split the money three ways amongst them. ADA Flannery knew that all of his witness[es] were unreliable, they were dishonest and fell under crimen falsi. The Plaintiff wrote several letters to ADA Flannery requesting that he investigate and meet to get the Plaintiff's version[.] ADA Flannery refused. The Plaintiff filed a private criminal complaint that the District Attorney's Office refused to acknowledge. ADA Flannery never had DNA or finger prints done on the weapons used in the robbery on the Plaintiff. ADA

---

2. In earlier filings, Plaintiff submitted the transcripts of his preliminary hearing and an omnibus pretrial motion(s) hearing, a Police Criminal Complaint, an Affidavit of Probable Cause, an Incident Report, a Witness Statement, a Private Criminal Complaint, a Victim Statement Form, a newspaper clipping describing the incident, and a Criminal Docket Sheet. (ECF No. 18). Those filings indicate that Plaintiff and Pappas-Pappakostas engaged in a physical altercation during which Plaintiff struck Pappas-Pappakostas with a baseball bat in her midsection and facial area, causing her to sustain a brain bleed.

> Flanney violated Donald Cleavers Constitutional Rights by withholding or destroying statements, maliciously trying to prosecute and abusing the legal process. ADA Flannery attempted to prosecute the Plaintiff based on sex and discrimination.

(ECF No. 21). Furthermore, Plaintiff alleges that Flannery (1) violated his rights protected by the First, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and by Article I, Sections 1, 9, 13, 26, and 28 of the Pennsylvania Constitution; (2) violated two Pennsylvania criminal statutes, 18 Pa. Cons. Stat. §§ 501, 505 (a definitional section for the "General Principles of Justification" and the codification of the use of force in self-protection); and (3) committed the "civil torts" of "Malicious Prosecution, Emotional Distress, Wrongful use of Criminal Proceedings, Abuse of Process, False Imprisonment[,] Fraud, Intentional Infliction of Emotional Distress, Defamation of Character, Negligence, Fraudulent Misrepresentation or Non-Disclosure, Reckless Conduct, Gross Negligence, Factual Cause, Increased Risk of Harm, Concurring Cause, and Intervening or Superseding Cause." Under the heading of "DAMAGES," Plaintiff lists "Financial Loss, Loss of all belongings, Time away from family and children, Scars, Emotional and Physical Injuries, Loss of Employment, Loss of Freedom, Living in Deplorable Living Conditions, Labeled as a Criminal, Strip Searched and Inhumanly Treated, No Physical Contact with Family or Children, Incarcerated with Murderer, Rapists, and Pedophiles, Unjust Treatment, Cruel and Unusual Punishment." As for the relief sought, Plaintiff requests "Monetary, Punitive Damages," "$1,000 a day for everyday in prison," "Compensation for emotional, physical, and mental damages," and "$2,500,000 or what a jury deems appropriate."[3]

---

3. Plaintiff attempts to elaborate on the allegations of his Complaint in his "Amended Counter-Claim and Objection" and in his "Amended Brief." When ruling on a motion to dismiss, however, the Court is constrained to look only at the allegations of the (Amended) Complaint and those materials properly subject to judicial notice.

In response to the Amended Complaint, Flannery has filed a Rule 12(b)(6) motion to dismiss, which the Court will now address.

**II. Standard of Review**

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard "does not impose a probability requirement." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). However, a pleading must show "more than a sheer possibility that a defendant acted unlawfully." *Iqbal*, 556 U.S. at 678.

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal*, the Court must follow a three-step approach. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n.7 (3d Cir. 2010). First, "the court must "tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* at 130 (quoting *Iqbal*, 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Third, the court must assume that all well-pleaded facts are true and construe them in the light most favorably to the plaintiff and "'then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679); *see also Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n.1 (3d Cir. 2014) (citation omitted).

### III. Discussion

The allegations against Flannery consist of claims arising under the United States and Pennsylvania Constitution as well as common law claims. The Court will address them seriatim.

#### A. Federal Civil Rights Claims

Flannery argues that all of the claims against him must be dismissed because he is entitled to absolute prosecutorial immunity. Although the Court agrees, it must separately address the individual and official capacity claims.

##### 1. Individual-Capacity Claims

The United States Supreme Court has recognized that, in appropriate cases, a prosecutor may be absolutely immune from suit under § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). However, "[a] prosecutor bears the 'heavy burden' of establishing entitlement to absolute immunity." *Odd v. Malone*, 538 F.3d 202, 207 (3d Cir. 2008) (quoting *In re Montgomery Cnty.*, 215 F.3d 367, 373 (3d Cir. 2000)). As our appellate court has instructed, there is a "presumption that qualified rather than absolute immunity is appropriate." *Id.* (citing *Carter v. City of Philadelphia*, 181 F.3d 339, 355 (3d Cir. 1999)). Indeed, the Supreme Court has "been 'quite sparing' in recognizing absolute immunity for state actors in this context." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (quoting *Forrester v. White*, 484 U.S. 219, 224 (1988)). To defeat the presumption that only qualified immunity applies, "a prosecutor must show that he or she was functioning as the state's advocate when performing the action(s) in question." *Odd*, 538 F.3d at 207 (citing *Yarris v. Cnty. of Delaware*, 465 F.3d 129, 136 (3d Cir. 2006)). "This inquiry focuses on 'the nature of the function performed, not the identity of the actor who performed it.'" *Id.* (quoting *Light v. Haws*, 472 F.3d 74, 78 (3d Cir. 2007)). A prosecutor is absolutely immune from suit only for actions taken "in a judicial or 'quasi-judicial'

5

capacity." *Id.* (citing *Giuffre v. Bissell*, 31 F.3d 1241, 1251 (3d Cir. 1994)). In other words, while a prosecutor enjoys immunity for "actions 'intimately associated with the judicial phases of litigation,'" absolute immunity does not apply "to administrative or investigatory actions unrelated to initiating and conducting judicial proceedings." *Id*. (quoting *Giuffre*, 31 F.3d at 1251).

"Analysis of prosecutorial immunity questions thus has two basic steps, though they tend to overlap." *Schneyder v. Smith*, 653 F.3d 313, 332 (3d Cir. 2011). First, "[t]he court must ascertain just what conduct forms the basis for the plaintiff's cause of action[.]" *Id.* Second, the court is required "to determine what function (prosecutorial, administrative, investigative, or something else entirely) that act served." *Id.*

A fair reading of the Amended Complaint indicates that the federal civil rights claims against this Defendant focus on Flannery's involvement, as an assistant district attorney, in the criminal prosecution of Plaintiff at trial. For instance, Plaintiff alleges that Flannery "t[ook] [him] to trial," called the Robertson Defendants as witnesses, declined to forensically test certain evidence, and ignored a private criminal complaint filed by Cleaver.[4] These actions fall within the scope of Flannery's prosecutorial function.

To be sure, "[t]he decision to initiate a prosecution is at the core of a prosecutor's judicial role." *See Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir. 1992) (citing *Imbler*, 424 U.S. at 430-31). As our court of appeals has explained, "[a] prosecutor is absolutely immune when

---

4. Plaintiff also includes the following bare allegations in his factual recitation: "ADA Flannery violated Donald Cleaver[']s Constitutional Rights by withholding or destroying statements, maliciously trying to prosecute and abusing the legal process. ADA Flannery attempted to prosecute the Plaintiff based on sex and discrimination." (ECF No. 26 at 3). These allegations "'while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross the line between the conclusory and the factual,'" and therefore, the Court has discounted them in the analysis. *Connelly v. Lane Const. Corp.*, -- F.3d --, No. 14-3792, 2016 WL 106159, at *6 (3d Cir. Jan. 11, 2016) (quoting *Peñalbert-Rosa v. Fortuño-Burset*, 631 F.3d 592, 595 (1st Cir. 2011)).

6

making this decision, even where he acts without a good faith belief that any wrongdoing has occurred." *Id.* (citations omitted).

So, too, does "[i]mmunity extend[ ] to the preparation necessary to present a case, and this includes the obtaining, reviewing, and evaluation of evidence." *Id.* (citations omitted). Flannery is thus entitled to absolute immunity with regard to the allegations for which he failed to obtain / present forensic evidence.

And he is entitled to dismissal of Plaintiff's claim that the private criminal complaint was ignored. After all, "'a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'" *Eskridge v. Peters*, No. CIV.A. 06-193 ERIE, 2008 WL 859177, at *7 (W.D. Pa. Mar. 31, 2008) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

In sum, Flannery engaged in quintessential prosecutorial tasks, for which he is absolutely immune from suit. Accordingly, the Court will dismiss with prejudice the federal civil rights claims brought against Flannery in his individual capacity.

### 2. Official Capacity Claim

Official-capacity claims "represent only another way of pleading an action against an entity for which an officer is an agent[.]" *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690 n.55 (1978). So by naming Flannery in his official capacity, Plaintiff actually sued Lawrence County, Flannery's employer. "That is the legal import of suing [a government official] in his or her official capacity." *Helm v. Palo*, No. CIV.A. 14–6528, 2015 WL 437661, at *9 (E.D.Pa. Feb. 3, 2015).

Be that as it may, the official capacity claim fails "because under Pennsylvania law, only the District Attorney—and not Assistant District Attorneys—possesses policymaking authority for the District Attorney's Office." *Patterson v. City of Philadelphia*, No. CIV.A. 08-2140, 2009

7

WL 1259968, at *10 (E.D. Pa. May 1, 2009) (citing *Payson v. Ryan,* 1992 WL 111341 (E.D.Pa. May 14, 1992), *aff'd,* 983 F.2d 1051 (3d Cir.1992)); *see also DeSousa v. City of Philadelphia*, No. CIV.A. 11-3237, 2012 WL 6021319, at *2 (E.D. Pa. Dec. 4, 2012). And municipal liability only attaches when the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell*, 436 U.S. at 694. Accordingly, the Court will dismiss with prejudice the federal civil rights claims brought against Flannery in his official capacity.

### B. Violations of the Pennsylvania Constitution

Flannery next argues that claims couched as alleged violations of the Pennsylvania Constitution must also be dismissed because it does not authorize the award of monetary damages for violations. The Court concludes that these claims fail as a matter of law.

"Pennsylvania law does not include a statutory equivalent to 42 U.S.C. § 1983, which provides a cause of action for damages because of a federal constitutional violation." *Underwood v. Beaver Cty. Children & Youth Servs.*, No. CIV.A. 03-1475, 2007 WL 3034069, at *2 (W.D. Pa. Oct. 7, 2007). At the same time, however, "the question of whether the Pennsylvania Constitution provides a cause of action for damages is uncertain." *Id.* (citation omitted). The great majority of courts that have weighed-in on the issue have nevertheless concluded that money damages are not available. *Id.* n.1 (collecting cases); *see also Hellmann v. Kercher*, No. CIV.A.07-1373, 2009 WL 586511, at *5 (W.D. Pa. Mar. 6, 2009) (same). The Court finds the referenced decisions persuasive, and it will follow that approach. As such, Plaintiff's claim for monetary damages based upon the Pennsylvania Constitution fails. Accordingly, the Court will dismiss with prejudice the claims against Flannery brought under the Pennsylvania Constitution.

### C. Common Law Claims

Finally, Flannery argues that the so-called "mish-mash of the common law claims and theories" alleged against him should be dismissed under the doctrine of "high public official" immunity. The Court agrees.

Under Pennsylvania law, "high public officials" are absolutely immune from tort liability. *Gregg v. Pettit*, No. CIV A 07-1544, 2009 WL 57118, at *7 (W.D. Pa. Jan. 8, 2009) (citing *Durham v. McElynn*, 772 A.2d 68, 70 (Pa. 2001)). While the doctrine originated in the context of defamation suits, it now applies in other types of cases, as well. *The Choice Is Yours, Inc. v. The Choice Is Yours*, No. 2:14-CV-01804, 2015 WL 5584302, at *12 n.4 (E.D. Pa. Sept. 22, 2015) (citations omitted). The scope of immunity has been described as "'unlimited'": it protects "high public officials" from tort liability, even if "motivated by malice," as long as "'the actions [were] taken in the course of the official's duties or powers and within the scope of his authority.'" *Durham*, 772 A.2d at 70 (quoting *Matson v. Margiotti*, 88 A.2d 892, 895 (Pa. 1952)). It is not disputed that an assistant district attorney is considered a "high public official" under Pennsylvania law. *Id.*

The question, then, is whether Flannery's actions fell within the scope of his official duties. In this way, the scope of protection under Pennsylvania law is broader than its federal analog. *See Teeple v. Carabba*, No. CIV.A. 07-2976, 2009 WL 5033964, at *20 (E.D. Pa. Dec. 22, 2009), *aff'd*, 398 F. App'x 814 (3d Cir. 2010) (citing *Domenech v. City of Philadelphia*, No. 06 CV 1325, 2007 WL 172375, at *4 (E.D. Pa. Jan. 18, 2007)). That is, "Pennsylvania high public official immunity does not distinguish among prosecutorial, advocative, investigative or administrative conduct[.]" *Brown v. Chardo*, No. 1:11-CV-0638, 2012 WL 983553, at *10

(M.D. Pa. Mar. 22, 2012). Rather, the doctrine encompasses "*all conduct* . . . within the course of the official's duties." *Id.* (citing *Matson*, 88 A.2d at 895) (emphasis added).

As discussed above, the well-pleaded factual allegations that relate to Flannery all pertain to his official actions as an assistant district attorney. And because this conduct occurred while he performed the prosecutorial function of his office, he is absolutely immune from tort liability. Accordingly, the Court will dismiss with prejudice the common law tort claims brought against Flannery.

### IV. Conclusion

For the reasons hereinabove stated, the Court will grant Defendant Flannery's motion to dismiss and amend the caption to reflect same. The Court will not grant Plaintiff to leave to amend as doing so would be futile. An appropriate Order follows.

McVerry, S.J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONALD CRAIG CLEAVER,** | ) | |
| | ) | |
| Plaintiff, | ) | 2:15-cv-00079 |
| | ) | |
| v. | ) | |
| | ) | |
| **RONALD PICHE**, *in his official and individual capacity*; **MARK LEWIS**, *in his official and individual capacity*; **MUNICIPALITY OF NEW CASTLE**; **NORMAN BARILLA, ESQ.**, *in his official and individual capacity*; **WILLIAM JOHN FLANNERY**, **ESQ.**, *in his official and individual capacity*; **MICHAEL FUGE**; **NICOLE ROBERTSON**; and **VICTORIA PAPPAS-PAPPAKOSTAS**, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER OF COURT

AND NOW, this 5th day of February, 2016, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED** and **DECREED** that the MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM (ECF No. 25) filed by Defendant William Flannery, with a brief in support (ECF No. 26), is **GRANTED**, and all claims brought against him by Plaintiff are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the caption in this matter is hereby **AMENDED** as follows:

| | | |
|---|---|---|
| **DONALD CRAIG CLEAVER,** | ) | |
| | ) | |
| Plaintiff, | ) | 2:15-cv-00079 |
| | ) | |
| v. | ) | |
| | ) | |
| **RONALD PICHE**, *in his official and* | ) | |
| *individual capacity*; **MARK LEWIS,** | ) | |
| *in his official and individual capacity*; | ) | |
| **MUNICIPALITY OF NEW CASTLE**; | ) | |
| **NORMAN BARILLA, ESQ.**, *in his* | ) | |
| *official and individual capacity*; **MICHAEL** | ) | |
| **FUGE**; **NICOLE ROBERTSON**; and | ) | |
| **VICTORIA PAPPAS-PAPPAKOSTAS,** | ) | |
| | ) | |
| Defendants. | ) | |

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: Donald Craig Cleaver
 735 Mt. Air Road
 New Castle, PA 16102
 (via First-Class and Certified Mail)

 All Counsel of Record
 (via CM/ECF)