# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONALD CRAIG CLEAVER,

                Plaintiff,

v.

RONALD PICHE ET AL,

                Defendants.

2:15-cv-79
**ELECTRONICALLY FILED**

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

Pending before the Court is the Motion for Judgment on the Pleadings of Defendants Ronald Piche, Mark Lewis and the City of New Castle, Pennsylvania. That Motion will be granted in part, and denied without prejudice in part.

The background of this case is recited at length in the Memorandum Opinion at ECF No. 40, and will not be repeated here.

As to the claims against these Defendants alleged to arise under the Pennsylvania Constitution, all such claims are dismissed with prejudice, this Court having previously concluded that such damage claims may not be asserted in this setting. ECF No. 40 at 8.

As to the claims asserted as against Defendant Lewis, the Amended Complaint is dismissed with prejudice in its entirety, as there are no factual allegations contained in it that allege any action taken by Lewis. There being no facts alleged as to any conduct by Lewis, and the Plaintiff having already amended his pleading in this case, that dismissal is with prejudice, as any further amendment would be futile. *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) ("When a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied.").

As to the federal claims as against Defendant Piche, the Amended Complaint does assert that the Plaintiff had made several calls to the New Castle Police Department to report a robbery to which he was the victim. The Plaintiff then seems to allege that he was arrested by Piche a few hours later. While not the strongest case of alleged causation, the Court concludes that this is sufficient to clear the bar for a First Amendment retaliation claim. *See Hammond v. City of Wilkes Barre*, 628 F. App'x 806, 808 (3d Cir. 2015) ("[F]or temporal proximity to be probative of causation, the timing of the retaliatory action must be 'unusually suggestive' of retaliatory motive."). The calls to the police department, if they occurred as pled, would have constituted protected speech, the Plaintiff alleges that he was shortly thereafter arrested for a robbery in which he was actually the victim, and he has sufficiently alleged a causal connection. *See Thomas v. Indep. Twp.*, 463 F.3d 285, 296 (3d Cir. 2006) ("In order to plead a retaliation claim under the First Amendment, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action."). The Plaintiff's First Amendment retaliation claim will not be dismissed at this point in the proceedings.

The Plaintiff's claims under the Fifth Amendment will be dismissed with prejudice. That constitutional provision applies only as against the federal government. It does not apply directly as to Piche or the City of New Castle. *See, e.g., Bergdoll v. City of York*, 515 F. App'x 165, 170 (3d Cir. 2013) ("[The plaintiff's] Fifth Amendment claim fails because the Due Process Clause of the Fifth Amendment only applies to federal officials.").

As to claims alleged under the Sixth Amendment, the facts as set out in the Amended Complaint simply do not assert a violation by any of these Defendants of rights secured by the

2

Sixth Amendment. The only matter asserted is that an attorney, John Barilla, somehow impaired the Plaintiff's ability to get compulsory process issued in the criminal case against the Plaintiff, with no showing whatsoever as to how his conduct relates to any Defendants or was under color of law. All such claims will be dismissed with prejudice.

The Plaintiff's Eighth Amendment claims will also be dismissed with prejudice. As the Supreme Court and the Third Circuit have explained, the Eighth Amendment's Cruel and Unusual Punishment Clause does not apply until after a defendant has been convicted. *See, e.g., Whitley v. Albers*, 475 U.S. 312, 318 (1986); *Graham v. Connor*, 490 U.S. 386, 393, n. 6 (U.S. 1989); *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). In this case, the Plaintiff was never convicted of any crimes. Thus, the Plaintiff's Eighth Amendment claims cannot survive.

As to the asserted "equal protection" claims under the Fourteenth Amendment, there is no factual basis presented that the Plaintiff was treated by these Defendants in a manner different than others. In short, he has not made any showing of differential treatment, the hallmark for an equal protection claim under the Fourteenth Amendment. *See Kazar v. Slippery Rock Univ. of Pennsylvania*, 2017 WL 587984, at *5 (3d Cir. Feb. 14, 2017) ("To prevail on a § 1983 claim for denial of equal protection, a plaintiff must prove the existence of purposeful discrimination by demonstrating that, based on membership in a protected class, he or she received different treatment from that received by other individuals similarly situated.") (internal quotations omitted). These claims will also be dismissed with prejudice.

As to the claims asserted against the City of New Castle, an examination of the Amended Complaint makes it plain that these assertions are nothing more than an end run around the settled rule that the doctrine of *respondeat superior* is not applicable in claims asserted via 42 U.S.C. § 1983, and all claims against the City of New Castle will be dismissed with prejudice.

3

*Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978) ("[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory.").

Finally, the residual state law claims that the Plaintiff asserts against these Defendants will also be dismissed, with the exception of the malicious prosecution claim asserted against Defendant Piche. The residual state law claims at issue include those that the Plaintiff alleges arise under 18 Pa.C.S. §§ 501, 505, and others which he entitles "Civil Torts" and include:

> Malicious Prosecution, Emotional Distress, Wrongful use of Criminal Proceedings, Abuse of Process, False Imprisonment Fraud, Intentional Infliction of Emotional Distress, Defamation of Character, Negligence, Fraudulent Misrepresentation or Non-Disclosure, Reckless Conduct, Gross Negligence, Factual Cause, Increased Risk of Harm, Concurring Cause, and Intervening or Superseding Cause

The Court notes that the Plaintiff asserts the exact same laundry list of "Civil Torts" against all of the Defendants in the case. Regarding Defendants Lewis and the City of New Castle, the Court cannot discern any pled facts supporting any of these "Civil Torts" or the claims arising under 18 Pa.C.S. §§ 501, 505. *See Robinson v. Family Dollar Inc*, No. 15-3736, 2017 WL 532293, at *3 (3d Cir. Feb. 9, 2017) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal quotations omitted). Accordingly, all such state law claims will be dismissed.

Regarding Defendant Piche, the only claim from the "Civil Torts" and the claims arising under 18 Pa.C.S. §§ 501, 505 for which the Court can discern any pled facts is the malicious prosecution claim. As the Third Circuit has explained, "[u]nder Pennsylvania law, a cause of action for malicious prosecution has three elements. The defendant must have instituted proceedings against the plaintiff 1) without probable cause, 2) with malice, and 3) the proceedings must have terminated in favor of the plaintiff." *Brown v. Mercadante*, No. 16-2604,

4

2017 WL 1437198, at *2 (3d Cir. Apr. 24, 2017) (internal quotations and alterations omitted). In this case, the Plaintiff has alleged that Defendant Piche arrested him and that Defendant Piche did not have probable cause to do so because the written statement he relied upon was written by a man who had previously been convicted of giving false statements to authorities. Furthermore, the Plaintiff has alleged that Defendant Piche arrested him in retaliation for the Plaintiff's earlier calls to the police department, and the criminal proceedings ended in the Plaintiff's favor.[1] Accordingly, the Plaintiff has made out a claim for malicious prosecution under Pennsylvania state law, and such claim will not be dismissed. All of the other residual state law claims that the Plaintiff asserts against Defendant Piche will be dismissed with prejudice.

Given that the Plaintiff has already had the opportunity to amend his Complaint and has failed to clarify the factual basis supporting such claims, all of the Plaintiff's residual state law claims, except his malicious prosecution claim against Defendant Piche, will be dismissed with prejudice. *See Arthur*, 434 F.3d 196.

Mark R. Hornak
United States District Judge

Dated: May 22, 2017

cc: All counsel of record

---

[1] Although the Plaintiff does not allege that the criminal proceedings terminated in his favor in his Amended Complaint, the Court is aware that the Plaintiff was acquitted of all charges, as discussed in the Court's Memorandum Opinion, ECF No. 40 at 2, and the Court will take judicial notice of such fact pursuant to Federal Rule of Evidence 201.

5