# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD CRAIG CLEAVER, | ) |
| Plaintiff, | ) ) ) |
| | ) 2:15-cv-00079 |
| v. | ) ) |
| RONALD PICHE ET AL, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

Pending before the Court for disposition is the summary judgment motion of defendant Ronald Piche. That Motion, and various other related matters are ripe for resolution by the Court.

First, there are several Defendants as to whom service has never been made, notwithstanding efforts to do so by the Plaintiff and the United States Marshal. These include named Defendants Nicole Robertson and Victoria Pappas-Pappakostas. No action has been taken by the Plaintiff since entries of non-service by the Marshal on the docket in March and August of 2016. There is no basis for the Court to conclude that service can or ever will be effected upon those Defendants, and the claims against them will be dismissed, but without prejudice in the event the Plaintiff can later demonstrate a proper basis to resurrect such claims. *See* ECF Nos. 34, 35, 38, 39, 43, 44, 60 and 61.

As to Defendant Michael Fuge, it appears that service was effected upon him on February 25, 2016. ECF No. 41. But since then, the Plaintiff has been advised twice by the Court as to the procedure for taking any action as to prosecution of the action as to Fuge, but has yet to comply with those directives. *See* ECF Nos. 45 and 51. Given that the Court has advised the Plaintiff in such regards, but he has also taken no action relative to such matters in nearly two (2) years, the

responsibility for that delay and lack of prosecution rests exclusively with the Plaintiff. Thus, it is appropriate to conclude that the Plaintiff has elected to not proceed to prosecute his claims as against Fuge, and such claims will be dismissed for want of prosecution, but without prejudice in the event the Plaintiff can appropriately resurrect such claims.

As to named Defendant Norman Barilla, Esq., it appears that he signed a waiver of service which was docketed on November 25, 2015. ECF No. 31. His answer was due on December 15, 2015. It does not appear that any such answer was ever filed, nor a Rule 12 dismissal motion as to him. No action appears to have been taken as to Defendant Barilla in the intervening 2+ years. The Court has examined the Amended Complaint in this case as to the claims against Barilla. The only factual allegation is that Barilla, as a *city* solicitor, supposedly told the Lawrence *County* (PA) Clerk of Courts that the Clerk was not required to issue subpoenas to a criminal defendant who wanted to testify at a state court habeas corpus hearing. There is no factual predicate pled that the *County* Clerk of Court had any obligation to ignore his/her own governmental obligations on the advice of a *city* lawyer, that such Clerk did so, or that a *city* lawyer would or could have constitutional liability for the actions of a *County* official who elected to follow a certain path of action in the discharge of that *County* office's independent duties. Further, the balance of the Amended Complaint consists solely of legal conclusions with no specificity at all as to Barilla. Thus, due to the Plaintiff's lack of prosecution, and the reality that it appears facially that the Amended Complaint fails to make any showing of a viable federal claim as against Barilla, *see* ECF No. 66, after Plaintiff had and used an opportunity to amend with no further detail as to Barilla, it is appropriate for the Court to dismiss all claims, such as they are, against Barilla, but with prejudice for the same reasons as set out by the Court in its Memorandum Opinion at ECF No. 66 as to other Defendants.

That leaves the claims as against the last remaining Defendant, police officer Ronald Piche, who arrested the Plaintiff in the episode that is the crux of the Plaintiff's allegations. The only remaining claims are a First Amendment retaliation claim, which this Court has already noted stands on a rather thin pleading reed, ECF No. 66 at 2, and a state law claim for malicious prosecution. Piche has now filed a fully-briefed and supported motion for summary judgment, which was served on the Plaintiff at his address of record, all in November, 2017. ECF Nos. 68, 69, 71 and 72. The Plaintiff has filed nothing in response to those filings. Under both Fed. R. Civ. P. 56, and our Local Rule analog, the Court may treat the statements of fact advanced by Piche, which are all backed up with appropriate record references, as admitted for purposes of the disposition of that motion, and the Court will do so. *See* Fed. R. Civ. P. 56(e)(2), (3).

The essence of Piche's motion is that as the police officer who arrested the Plaintiff for a violent assault on another person, his actions were supported by probable cause in the form of the statements made to him by two eyewitnesses that the Plaintiff had assaulted one of them, and another person, with a baseball bat. ECF No. 71 at 5. Piche observed one victim lying on the floor of the residence where the complaint to the police came from, along with the bloody bat nearby. Piche has submitted the state court documents that set out Piche's reliance on such statements.

That evidence presented to a police officer at the scene of the alleged crime would in the Court's estimation fully support the conclusion that that police office had probable cause to conclude that one or more crimes had occurred, and that the Plaintiff had committed them. That conclusion was also the one reached by the state magistrate at the Plaintiff's preliminary hearing on such charges at which one of victims testified under oath. ECF No. 72 at 3. The Plaintiff demonstrating that there was a lack of probable cause for his prosecution is a key element to both

3

his state law malicious prosecution claim, and is central to his advancement of his rather vague assertion that he was prosecuted by Piche in retaliation for protected speech. *See Hartman v. Moore,* 547 U.S. 250 (2006); *Brown v. Mercandante,* No. 16-2604, 2017 WL 1437198, at *2 (3d Cir. April 24, 2017).

As noted above, the Plaintiff has offered up nothing in response to the summary judgment motion to dispute that Piche had probable cause to arrest him, nor any facts demonstrating an actual causal link between the Plaintiff calling the police and his then being prosecuted. What he has presented are allegations in his Amended Complaint that he had called Piche's department to report a crime, and that Piche either withheld or destroyed an audio recording of the Plaintiff's version of events, namely that he was a victim of a robbery by those that had implicated him. But he cannot at this juncture in the case rely only on the assertions of his pleadings. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986); *Harter v. G.A.F. Corp.,* 967 F.2d 846, 851 (3d Cir. 1992). He must come forward with the necessary quantum of record evidence that would create a genuine issue of material fact that would support his allegations to the level that there would be a triable issue as to some actual causal link between his report to police and also as to the non-existence of probable cause. That he has not done. Based on the record evidence advanced by Piche, advanced in accord with the applicable civil rules, the Court concludes that as to the two (2) remaining claims against Piche, there is no genuine issue of material fact, and that Piche is entitled to judgment in his favor as a matter of law.

For the above reasons, all claims against Defendants Fuge, Robertson and Pappas-Pappakostas are dismissed without prejudice. All claims as against Defendant Barilla are dismissed with prejudice. Summary judgment in favor of Defendant Piche and against the

4

Plaintiff will be entered. An appropriate Order will be issued, and the case will be closed upon the docket.

                                                Mark R. Hornak
                                                United States District Judge

Dated: January 25, 2018

cc:    All counsel of record